UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jenisa Angeles,

            Plaintiff,

    –v–

Grace Products, Inc.,

            Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/23/21

20-cv-10167 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

    Plaintiff, who is legally blind, brings claims against Defendant under federal and state law for discrimination on the basis of disability for failure to maintain an accessible website. Defendant moves to dismiss for lack of standing and mootness. For the reasons that follow, Defendant's motion is DENIED.

**I.   BACKGROUND**

    Plaintiff Jenisa Angeles is a visually-impaired and legally blind individual who requires screen-reading software to read website content while using her computer. Dkt. No. 1 ¶ 2. In October of 2020 and other occasions prior, Plaintiff attempted to access Defendant Grace Products' website. *Id.* ¶ 24. Defendant is a beauty supply company that offers products for sale online. *Id.* ¶ 21. Plaintiff was unable to successfully access the website because of its lack of features and accommodations that permit persons with visual impairments and blindness to use websites. *Id.* ¶ 24.

    Plaintiff filed a complaint in this Court on December 3, 2020 bringing claims against Defendant for violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* and

1

the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(4)(a). Dkt. No. 1. Defendant filed a motion to dismiss the case on February 22, 2021 under Federal Rule of Civil Procedure 12(b)(1) on the grounds of standing and mootness, with supporting documents attached to its motion. Dkt. No. 12. Plaintiff filed an opposition, along with supporting documents and affidavits. Dkt. No. 22. Defendant did not file a reply.

## II. DISCUSSION

Defendant brings a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). Under Rule 12(b)(1), the Court must dismiss a case for lack of subject matter jurisdiction if it "lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In assessing a 12(b)(1) motion, courts may consider affidavits and other documents outside of the complaint. *See Robinson v. Gov't of Malaysia*, 269 F.3d 133, 140 n.6 (2d Cir. 2001).

Defendant argues that Plaintiff's complaint must be dismissed because she has not sufficiently alleged that the Court has standing over her ADA claim and because that claim is moot now that Defendant has purportedly brought the website into compliance. For the reasons that follow, the Court holds that there is standing over the ADA claim and that the claim is not moot.[1]

### A. Standing

The Court must ensure that the constitutional requirement of standing is met prior to adjudicating a plaintiff's claims. *See generally Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 93–96 (1998); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). There is standing

---

[1] Defendant also argues that, because her ADA claim must be dismissed, the Court should not exercise supplemental jurisdiction over her state law claim. Because the Court will not dismiss the ADA claim, it will continue to assert supplemental jurisdiction over Plaintiff's state law claim.

"[i]n the ADA context" if "(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits" that the plaintiff would continue to access the public accommodation. *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013). Conclusory allegations will not satisfy this standard: Plaintiffs must allege that their "injuries from purported ADA violations . . . were both concrete and particular to the Plaintiff" and must do so "with sufficient specificity." *Feltzin v. 183 S. Wellwood Ave. Corp.*, No. 16CV5387ADSGRB, 2017 WL 6994213, at *2 (E.D.N.Y. Oct. 25, 2017) (citing *Lujan*, 504 U.S. at 560 (1992)).

To satisfy standing in ADA website cases specifically, courts in this district have required the plaintiff to allege certain facts in detail, including when they attempted to access to the website, what they were attempting to do on the website, the specific barriers that prevented them from gaining access, and how they intend to utilize the website in the future. *See Jaquez v. Aqua Carpatica USA, Inc.*, No. 20 CV 8487 (ALC), 2021 WL 3727094, at *4 (S.D.N.Y. Aug. 20, 2021) (no standing where plaintiff did not state the product plaintiff intended to purchase when they allegedly attempted to shop on the website); *Guglielmo v. Neb. Furniture Mart, Inc.*, No. 19 CIV. 11197 (KPF), 2020 WL 7480619, at *4 (S.D.N.Y. Dec. 18, 2020) (no standing where plaintiff did not identify the date website was accessed or goods plaintiff intended to purchase); *Mendez v. Apple Inc.*, No. 18 CIV. 7550 (LAP), 2019 WL 2611168, at *2 (S.D.N.Y. Mar. 28, 2019) (no standing where plaintiff did not identify date accessed, goods plaintiff intended to purchase, or section of the website plaintiff attempted to access).

Plaintiff has provided adequate facts to plausibly allege standing here. First, in her complaint Plaintiff provides approximate date of when she attempted to access the website, i.e.,

3

sometime in October of 2020.  Dkt. No. 1 ¶ 24.  Second, in her complaint and in a supplemental affidavit[2] she alleges that she was (and is) interested in purchasing Defendant's beauty products. Dkt. No. 21-2 ¶¶ 7–11.  Defendant argues that she did not state which exact product she intended to buy and on which page, but that is not necessary on this set of facts.  The central allegation in her complaint is that she went to Defendant's website with the intent of making a purchase but was not able to properly navigate the different pages of Defendant's website, nor was she able to differentiate between Defendant's various products in order to decide which one, if any, she wanted to purchase.  Dkt. No. 1 ¶ 25.

Third, in her complaint and affidavit she explains the specific barriers that prevented her from properly viewing Defendant's products: (1) her screen-reading software was unable to discern which products were on the screen and distinguish between different screens on the website due to the failure of the website to adequately describe its content and (2) she encountered problems with broken links that prevented her from using the screen reader to return to her search.  Dkt. No. 1 ¶ 25; Dkt. No. 21-2 ¶¶ 5–6.  Fourth, and finally, in her affidavit Plaintiff attests to her personal and continued interest in Defendant's brand.  In particular, she alleges that she is concerned with health and hygiene when purchasing beauty supplies and is interested in Defendant's products because they are free of chemicals and other unnatural ingredients.  Dkt. No. 21-2 ¶¶ 7–8.  She attests that she would return to the website to purchase

---

[2] In assessing whether there is standing, the Court considers the affidavit submitted by Plaintiff in response to Defendant's motion to dismiss.  When a defendant makes a "facial attack to the court's jurisdiction" by challenging the sufficiency of the allegations with respect to standing in the complaint, the Court must consider the complaint and exhibits attached thereto to and assess whether the plaintiff has "allege[d] facts that affirmatively and plausibly suggest that it has standing to sue." *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011). However, if a "defendant's Rule 12(b)(1) motion place[s] jurisdictional facts in dispute," the court may "properly consider[] evidence outside the pleadings." *Id*.  As Defendant has raised various factual issues with respect to jurisdiction, the Court will consider the affidavit.  *See Harty v. Simon Prop. Grp., L.P*., 428 F. App'x 69, 71 (2d Cir. 2011) (considering an affidavit submitted in response to a defendant's motion to dismiss when addressing standing); *Monge v. 405 Hotel LLC*, No. 19CV0451SJFARL, 2021 WL 982866, at *6 (E.D.N.Y. Feb. 24, 2021), *report and recommendation adopted*, No. 19-CV-451 (SJF)(ARL), 2021 WL 980870 (E.D.N.Y. Mar. 15, 2021) (same).

their products if and when the website becomes accessible. *Id.* ¶ 11. Taken as a whole, these alleged facts are sufficient to plausibly allege that the Court has standing over her ADA claim.

Notwithstanding these allegations, Defendant contends that Plaintiff has not alleged an injury-in-fact because another reasonable alternative option was available for her to purchase Defendant's product. Specifically, Defendant claims that it has a telephone line that potential customers can use to call and receive assistance with purchasing products. In support of this argument, Defendant cites only one non-binding case from a different federal district. Dkt. No. 13 at 8. *See Robles v. Dominos Pizza LLC*, No. CV1606599SJOSPX, 2017 WL 1330216, at *6 (C.D. Cal. Mar. 20, 2017). This case was overturned on appeal and that the Ninth Circuit specifically noted that whether the defendant's telephone line was a sufficient alternative to the website and was compliant with the ADA was a factual issue that would require discovery. *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 903 n.4 (9th Cir.), *cert. denied*, 140 S. Ct. 122 (2019). Similarly, Plaintiff contends in this case that Defendant's telephone line is not an adequate replacement for various reasons, including that it is not available 24/7 like the website, and therefore does not provide "full and *equal* enjoyment" of the public accommodation. Dkt. No. 21 at 29. (emphasis added). Therefore, at this stage, Plaintiff has plausibly alleged that she suffered a concrete and particularized injury when trying to access the website despite the purported existence of a telephone option. *See Suvino v. Time Warner Cable, Inc.*, No. 16 CV 7046-LTS-BCM, 2017 WL 3834777, at *2 (S.D.N.Y. Aug. 31, 2017) (holding in an ADA website case that the availability of telephonic and in-person access did not affect standing and that "[t]he sufficiency of the auxiliary aids and services provided by" the defendant "is a matter for litigation at a later stage of this proceeding"). The Court thus determines that it has standing to adjudicate Plaintiff's ADA claim.

## B. Mootness

Defendant next argues that, even if the Court has standing over Plaintiff's ADA claim, it must be dismissed as moot because Defendant has now brought its website into compliance. "To dismiss a Title III ADA claim as moot, a movant must demonstrate that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Sullivan v. Study.com LLC*, No. 18-CV-1939 (JPO), 2019 WL 1299966, at *5 (S.D.N.Y. Mar. 21, 2019). The burden to show that "a defendant's voluntary compliance with the statute" has rendered the request for injunctive relief under the ADA moot is a "formidable" one and requires demonstrating that it is "absolutely clear the alleged wrongful behavior could not reasonably be expected to recur." *Diaz v. Kroger Co.*, No. 18 CIV. 7953 (KPF), 2019 WL 2357531, at *2 (S.D.N.Y. June 4, 2019) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000)).

Courts in this district have found that this burden can be met by submitting affidavits and other evidence demonstrating that the defendant has altered the website to bring it into full and permanent compliance and has no intention of regressing back to inaccessibility. *See Diaz*, 2019 WL 2357531, at *3 (relying on an affidavit submitted by employee of defendant attesting, among other things, that the has personally confirmed that the specific issues have been remedied). Courts have been unwilling to find this burden met however where there was insufficient evidence to show that claimed efforts had actually been made, *see Wu v. Jensen-Lewis Co.*, 345 F. Supp. 3d 438, 442 (S.D.N.Y. 2018); *Feltenstein v. City of New Rochelle*, 254 F. Supp. 3d 647, 657 (S.D.N.Y. 2017), or where the efforts made did not resolve all issues, *see Sullivan*, 2019 WL

6

1299966, at *5; *Del-Orden v. Bonobos, Inc.*, No. 17 Civ. 2744 (PAE), 2017 WL 6547902, at *11–12 (S.D.N.Y. Dec. 20, 2017).

The Court has assessed the materials submitted by both parties on this issue and determines that Defendant has not demonstrated that Plaintiff's claims are moot.  Defendant attached to its motion documentary evidence suggesting that Defendant has engaged a third-party accessibility consultant, accessiBe, to bring its website into compliance and audit its website on a monthly basis.  Dkt. Nos. 13-2–13-3.  In response, Plaintiff submitted an affidavit from Robert Moody, an expert in the field of "information systems auditing, information security and computer forensics." Dkt. No. 21-1 ¶ 1.  Mr. Moody attests that he audited Defendant's website and that it continues to have ongoing problems, including with respect to the specific barriers Plaintiff alleges she faced in her complaint, and that Defendant's consultant's audit report is "severely deficient." *Id.* ¶¶ 5–14.  In light of this countervailing evidence, the Court determines that Defendant has not met its "formidable" burden of demonstrating that it is "absolutely clear" that the website has been brought into compliance and will remain as so.  *Diaz*, 2019 WL 2357531, at *2.

## III.   CONCLUSION

For the reasons described in this opinion, Defendant's motion is DENIED.  This resolves Dkt. No. 12.  The Court previously granted the parties' request to adjourn the initial conference *sine die* pending resolution of Defendant's motion to dismiss.  By separate Order the Court will refer this matter to the Magistrate Judge for general pre-trial management.

SO ORDERED.

Dated: September 23, 2021
      New York, New York

_____
ALISON J. NATHAN
United States District Judge